## Braverman Liquor License Case.

Argued March 21, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

reargument refused July 5, 1960.

*Russell C. Wismer,* Special Assistant Attorney General, with him *Horace A. Segelbaum* and *George G. Lindsay,* Assistant Attorneys General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Israel Stiefel,* for appellee.

OPINION PER CURIAM, June 15, 1960:

This is an appeal from an order of the Court of Quarter Sessions of Philadelphia revoking an order of the Pennsylvania Liquor Control Board which suspended the restaurant liquor license of Harvey Braverman for 45 days.

The citation issued by the board on February 9, 1959, charged the licensee with selling to visibly intoxicated persons. The evidence taken before an examiner of the board showed that a board investigator visited the licensed establishment and found the following: On November 22, 1958, a man slouched at a table, bleary eyed, and in a light stupor rose from his seat, staggered to the bar and was served wine. A man and woman sleeping at a table were aroused after some difficulty and escorted to the door by the bartender. A man staggered in from the street to the bar where he was served wine. While drinking it, he was "very unsteady". On December 30, 1958, a man staggered to the bar and purchased two glasses of wine. His "eyes were red and bleary; he was very unsteady on his feet". A woman who had been wandering around and "seemed

to be staring" was served wine and "drowsed off into a short sleep". On Saturday, January 9, 1959, three women were visibly intoxicated, two seated at a table "in a drowsy manner, drinking wine and speaking in slurred tones," and the third at first "moving around the floor clowning and joking" later sitting "at a table where she drank wine and then dozed off". All of the nine persons mentioned above were intoxicated in the opinion of the board investigator. There was also evidence concerning obscenity, unsanitary conditions and immoral dancing at the licensee's establishment.

The board found as a fact that the licensee sold intoxicating beverages to persons visibly intoxicated and suspended his license for 45 days beginning August 11, 1959 and ending September 25, 1959. His license had previously been suspended for violations in 1940, 1943 and 1946.

The licensee appealed to the Court of Quarter Sessions of Philadelphia County. The parties agreed that no witnesses should be called before the court and that the case should be decided on the basis of the evidence previously taken. The court reversed the board. In its opinion, the court below said that the liquor board should have called another witness instead of relying on one investigator; that the delay in bringing the action (one month after the last alleged violation) was a handicap to the licensee in the preparation of his defense; and that the licensee's customers worked hard and were sleepy when they came to the licensee's establishment for their drinks. The court erroneously thought that "the charges should be sustained by evidence which is clear, precise, and indubitable"; and erroneously concluded that "there is not sufficient credible evidence to sustain the averments in the citation."

The court may not capriciously disregard competent evidence of violations by the licensee. *Janiro Liquor*

*License Case,* 163 Pa. Superior Ct. 398, 402, 62 A. 2d 102 (1948) ; *Heights Fire Co. Liquor License Case,* 181 Pa. Superior Ct. 56, 60, 121 A. 2d 902 (1956). In our opinion, the court below capriciously disregarded the undisputed testimony in this case.

The order of the court below is reversed and the order of the board reinstated, the effective dates contained therein to be amended by the board.

GUNTHER and WATKINS, JJ., dissent.