## Lakewood Company Liquor License Case.

Argued March 19, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert H. Jordan,* Special Assistant Attorney General, with him *George G. Lindsay* and *Horace A. Segelbaum,* Assistant Attorneys General, and *David Stahl,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Fred C. Pace,* with him *Thomas B. Noonan,* and *Noonan & Pace,* for appellee.

OPINION BY WOODSIDE, J., June 12, 1962:

The Pennsylvania Liquor Control Board issued a citation to Lakewood Company to show cause why its restaurant liquor license should not be revoked for certain violations. After hearing, the board suspended appellee's license for a period of thirty days. An appeal was taken to the Court of Quarter Sessions of Schuylkill County which reversed the order of the board. This appeal followed.

The board based its suspension on the following findings: "1. The licensee, by its servants, agents or employees made a charge for admittance to a portion of the licensed premises, on July 11, 25; August 15 and 22, 1959.

"2. The licensed establishment has an inside passage or communication to or with a public place of amusement."

The reasoning of the court below in reversing the board was stated by it as follows: "Year after year the conditions of the premises have been the same. In all these years there is nothing in the record to show that the appellant was ever requested to make any changes

in the premises. It would therefore seem that it was proper for the appellant to assume that it was complying with the regulations of the Board . . . . The record further shows that immediately after the appellant received the citation on November, 1959, that the changes were promptly made . . . . If there was violation, the Board acquiesced in it."

The court below made no finding as to whether or not a violation had occurred. It based its conclusion on the irrelevancy of such a violation because the "Board acquiesced in it." A violation is to be determined by the Liquor Code; it is not dependent upon the action or inaction of the board in enforcing the law. The fact that the construction of the appellee's premises constituted a violation for over 20 years prior to the citation does not now prevent the board from enforcing the law.

Section 463 of the Liquor Code of April 12, 1951, P. L. 90, 47 P.S. §4, 463(a) provides: "(a) No license for the sale of liquor or malt or brewed beverages in any quantity shall be granted to the proprietors, lessees, keepers or managers of any theater, circus, museum or other place of amusement, nor shall any house be licensed for the sale of liquor or malt or brewed beverages which has passage or communication to or with any theater, circus, museum or other place of amusement, . . ."

An examination of the record leaves no doubt that the board properly found that the licensee violated this provision. The evidence taken before the board and before the court establishes a violation.

The evidence shows that the premises in question is a large, rectangular building which consists of a ballroom and the licensed premises. The main entrance is located at the easterly part of the building and leads into the ballroom. The "Lakewood Grille", the licensed

premises, is located on the left as you enter the ballroom and runs along the entire southern portion of the building. It consists of four grille rooms, which have connecting doors. There is a partition along the southerly portion of the dance hall which separates it from the licensed premises. This partition does not extend from the eastern wall to the western wall of the building, and does not extend from the floor to the ceiling. It creates a hallway or an area between the licensed premises and the ballroom, which can be entered at both the southeast and southwest corners of the ballroom.

It is clear from the evidence that this is a passage from the ballroom to the licensed premises and violates §463 of the Liquor Code, supra. Two enforcement officers testified that they entered the ballroom, went through the opening in the partition and then entered the licensed premises. It is not clear from the evidence whether there were doors on either end of the partition, but there was no denial that the dance hall patrons could travel directly from the ballroom to the licensed premises.

The court below may not capriciously disregard competent evidence of violations by the licensee. *Braverman Liquor License Case,* 192 Pa. Superior Ct. 285, 162 A. 2d 7 (1960). Neither can it reverse the order of the board unless it makes findings which are materially different from those of the board. *Italian Citizens National Association of America Liquor License Case,* 178 Pa. Superior Ct. 213, 115 A. 2d 881 (1955). In this case the court below ignored the evidence which clearly established the violation, and based its reversal of the board on the immaterial fact that the board acquiesced in the violation.

Order of the court is reversed, and the order of the board is reinstated.