## Ashlar Club Liquor License Case.

Argued April 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Floyd R. Warren,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Sanford S. Finder,* for appellee, submitted a brief.

OPINION BY MONTGOMERY, J., June 11, 1964:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Washington County setting aside an order of the board revoking the license of the Ashlar Club for numerous violations of the Liquor Code and substituting therefor a suspension of its license for fifty days. This license had been suspended previously, once for 101 days and again for 20 days.

The findings made by the board, after hearing, were to the effect that, inter alia, the licensee, a club, failed to adhere to its by-laws, failed to keep complete records covering its operation, permitted its wholesale liquor purchase permit card to be used illegally, failed to collect dues from all of its members, had falsified its application for renewal of its license, sold alcoholic beverages to nonmembers and for consumption off the licensed premises, had an unexplained shortage in cash income, and failed to report changes in its officers and directors as required. The testimony taken before the

examiner was made a part of the record on appeal to the Quarter Sessions Court. The only other evidence before the court was that of one Mr. Jesse Smith, the club president.

Although the court stated in its opinion that charges 1, 2, 3, 5, 6, 10, and 11 had not been sustained, our reading of its opinion does not show support for such statement. Throughout, the court recognizes that the irregularities and violations had been established but excused them because they were trivial, unintentional or merely technical, and such as are frequently made by other licensees "without the imposition of severe penalties sought to be imposed by the Board in this case."

We have consistently held that the appropriate penalty in such cases is for the board and not for the court. Unless there is a material change in the factual findings, the court has no right to substitute its judgment for that of the board in the imposition of the penalty, nor may it capriciously disregard competent evidence of violations by a licensee. *Bayer Liquor License Case,* 200 Pa. Superior Ct. 210, 188 A. 2d 819 (1963); *Heights Fire Company Liquor License Case,* 181 Pa. Superior Ct. 56, 121 A. 2d 902 (1956). We find no authority for a court to overlook established violations on the basis of their being trivial, unintentional, or of a common nature. Licensees have been held responsible for acts of which they have been unaware. *Bayer Liquor License Case,* supra; *Lande Liquor License Case,* 163 Pa. Superior Ct. 365, 62 A. 2d 101 (1948).

Regardless of the concern of Judge WEINER for the need of such a club in this area, we are constrained to conclude that he was without authority to change the penalty imposed by the board under the established facts of this case.

Order reversed and the order of revocation entered by the Liquor Control Board is reinstated.