Union City Lodge No. 882, Loyal Order of Moose
Liquor License Case.

Argued November 10, 1964. Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

*William C. Sennett,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney *General,* for Commonwealth, appellant.

*George W. Schroeck,* for appellee.

OPINION BY WRIGHT, J., December 16, 1964:

On June 20, 1963, the Pennsylvania Liquor Control Board entered an order suspending for a period of twenty days the catering club liquor license issued to Union City Lodge No. 882, Loyal Order of Moose, No. 3 Perry Street, Union City, Pennsylvania. The order was based upon the following finding of fact: "The licensed organization, by its servants, agents or employes maintained gambling devices on the licensed premises on September 13, 1962". The licensee appealed to the Court of Quarter Sessions of Erie County which set aside the Board's order. The Board has appealed to this court.

At the hearing de novo in the court below, Corporal George J. Martin of the Pennsylvania State Police testified that, on September 13, 1962, he and Trooper William C. Timmons, armed with a search warrant for "electrically operated gambling devices, coin machines", entered the licensed establishment and served the search warrant on the steward. In the barroom the officers found two electrically operated ten-cent coin machines, "a twin wild cat and a skeet shoot". The officers did not see anyone playing the machines but they were plugged in for operation. Cor-

poral Martin placed his own identifcation mark on each machine, GJM-1 on the twin wild cat, and GJM-2 on the skeet shoot. The Board then introduced in evidence a certified copy of the district attorney's petition in the quarter sessions court at No. 299 September Sessions 1962, requesting an order for the forfeiture and destruction, inter alia, of these two machines, together with the preliminary order of Judge SAMUEL Y. ROSSITER granting a rule to show cause and directing that the petition be served upon the possessor of the machines, and also with Judge ROSSITER'S final order dated October 22, 1962, making the rule absolute.

Notwithstanding the foregoing evidence, the hearing judge, on March 24, 1964, filed an opinion in which he concluded that the Board had failed to prove that the machines were gambling devices. This opinion also contained a statement that the record at No. 299 September Term 1962 did not show that notice of the proceeding had been given to the licensee. A motion for reargument was filed on the ground that the statement as to lack of notice was erroneous. This motion was granted and all proceedings stayed. On May 13, 1964, following reargument, the hearing judge filed a second opinion affirming his first decision. Attached to this second opinion was a copy of the return of service at No. 299 September Term 1962, showing that a certified copy of the petition and preliminary court order were served on Cleo Boyd at No. 3 Perry Street, Union City. The hearing judge states: "There is nothing in the record to show that Cleo Boyd is an officer, manager, or employee of appellant, and we are unable to conclude in this collateral proceeding that the machines were gaming devices, in the first place, or that the appellant had any notice of the petition for destruction. Under these circumstances, we are constrained to reaffirm our order of March 24, 1964".

On the present record, the conclusion of the hearing judge is plainly erroneous and cannot be sustained. The petition for forfeiture and destruction at No. 299 September Sessions 1962 expressly avers that "all of the aforesaid devices or machines are unlawful gambling devices per se". See *American Legion Post No. 51 Appeal,* 188 Pa. Superior Ct. 480, 149 A. 2d 483. The final order of Judge ROSSITER sets forth that "proper notice of the petition . . . was duly served". The maintaining of gambling devices on licensed premises is just cause for suspension of the license: *I.B.P.O.E. Liquor License Case,* 163 Pa. Superior Ct. 395, 62 A. 2d 68.

The case of *Commonwealth v. One 1941 Plymouth Sedan,* 160 Pa. Superior Ct. 575, 52 A. 2d 240, cited by the licensee, actually supports the Board's position. We said in that case that, although the hearing judge in a forfeiture proceeding may not take judicial notice of a prior criminal action, the record itself could properly be offered in evidence, and an order of remand was entered for that purpose. In the instant case, the record of the prior forfeiture proceeding was offered and admitted. Cf. *Commonwealth v. Grotefend & Haun,* 85 Pa. Superior Ct. 7.,

The order of the court below is reversed, and the order of the Board is reinstated.