Maple Liquor License Case.

Argued March 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Thomas J. Shannon,* Assistant Attorney General, with him *Floyd R. Warren,* Special Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Glenn C. Jones,* for appellee.

OPINION BY WRIGHT, J., March 24, 1966:

On June 21, 1965, after hearing, the Pennsylvania Liquor Control Board entered an order suspending for a period of fifty days the restaurant liquor license issued to Llewellyn Maple and Alice L. Maple, his wife, trading as Bunny's Tavern, 1001 Fifth Street, West Elizabeth, Pennsylvania. This order was based upon the following findings of fact: "1. The licensees, their servants, agents or employes maintained gambling devices and/or paraphernalia and permitted gambling on the licensed premises, on September 10, 11, 16, 17, 25, 26, 30 and October 9, 1964. 2. The licensees, their servants, agents or employees sold, furnished and/or gave alcoholic beverages to visibly intoxicated persons, on September 14, 16, 17, 18, 25 and 26, 1964. 3. The licensed establishment operated by the licensees was conducted in a noisy and/or disorderly manner, on September 10, 11, 14, 15, 16, 17, 18, 25, 26 and 30, 1964. 4. The licensed establishment operated by the licensees

was not a bona fide restaurant habitually and principally used for the purpose of providing food for the public, in that there were insufficient chairs and tables to accommodate at least 30 persons at one time". The licensees appealed to the County Court of Allegheny County, which reduced the period of suspension to fifteen days. The Board has appealed to this court.

The hearing judge did not make findings of fact different from those made by the Board. Nor did the hearing judge conclude that the testimony failed to support the Board's findings. His decision was based on the ground "that some of the findings of fact presented by the Board and quoted herein are items which have been corrected by the licensee". It is readily apparent that the order of the court below must be reversed. Such action on our part requires the filing of an opinion.[1]

The law is well settled that the court below may not change or modify a penalty imposed by the Board unless it finds a different set of facts: *Heights Fire Company Liquor License Case*, 181 Pa. Superior Ct. 56, 121 A. 2d 902. These different findings must concern issues which are material: *Italian Citizens National Association of America Liquor License Case*, 178 Pa. Superior Ct. 213, 115 A. 2d 881. The court below may not capriciously disregard competent evidence of violations by the licensee: *Lakewood Company Liquor License Case*, 198 Pa. Superior Ct. 169, 181 A. 2d 918. Nor may the court below reduce the penalty imposed by the Board because it is considered too severe: *Homestead S. and B. Society Appeal*, 169 Pa. Superior Ct. 593, 84 A. 2d 265.

Our review of the testimony clearly indicates that the licensees were guilty of the charges preferred by the Board. The only decision cited in appellees' brief

---

[1] We comply with the direction of the legislature to the Supreme Court. Act of May 11, 1871, P. L. 266, 17 P.S. §91.

is *Barbato Liquor License Case,* 188 Pa. Superior Ct. 548, 149 A. 2d 539, in which we affirmed an order of the Court of Quarter Sessions of Philadelphia County changing a license revocation to a suspension. However, there was conflicting testimony in that case, and the court below made findings of fact different from those of the Board. In the instant case the action of the court below was entirely unwarranted and cannot be sustained. Cf. *Union City Lodge No. 882, Loyal Order of Moose Liquor License Case,* 204 Pa. Superior Ct. 472, 205 A. 2d 438.

The order of the court below is reversed, and the order of the Board is reinstated.