## Commonwealth *v.* M.S.G., Inc.

Argued November 3, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Alexander J. Jaffurs,* Assistant Attorney General, with him *J. Leonard Langan,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Anthony V. DeCello,* with him *DeCello, Bua & Manifesto,* for appellee.

OPINION BY JUDGE KRAMER, December 8, 1972:

This is an appeal filed by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Allegheny County, dated April 17, 1972, affirming, in part, an order of the Board suspending the liquor license of M.S.G., Inc. (licensee) for a violation of Section 493(1) of the Pennsylvania Liquor Code, Act of April 12, 1951, P. L. 90, as amended, 47

P.S. §4-493 (1). The order of court, however, modified the suspension from ten days to two days. The Board has appealed from the order of the court below contending that the lower court improperly reduced the suspension period, and thereby committed an error of law.

After a period of surveillance, agents of the Board, together with police of the City of Pittsburgh, at about 11 P.M. on July 15, 1971, conducted what is known as "an open inspection," whereby an examination is made of identification papers of patrons at a licensee's establishment. At the time of the inspection of this licensee's bar there were between forty and fifty patrons present. The inspection disclosed the presence of one minor girl, age eighteen, who had purchased a glass of apple wine. The licensee was cited. A hearing was held before the Board, after which on November 5, 1971, it issued its adjudication wherein it made the following single finding of fact: "The licensee, by its servants, agents or employees sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to a minor, on July 15, 1971." The Board concluded that the licensee had violated the law and the regulations of the Board, and therefore issued a suspension for a period of ten days.

The licensee appealed to the Court of Common Pleas of Allegheny County where a *hearing de novo* was held. The court below issued its opinion and order wherein it determined from additional testimony, *not developed at the hearing before the Board,* that the suspension issued by the Board should be modified from ten days to two days. The Board thereafter appealed to this Court.

The court below quite properly held a *de novo* hearing. *See* 47 P.S. §4-464. The Liquor Code gives specific direction to the court of common pleas in appeals

of this nature, wherein at Section 471 of the Code, 47 P.S. §4-471, it is stated: "Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court."

In view of the fact that no appeal has been lodged with this Court questioning the conclusion of the Board that this licensee had violated the Liquor Code in selling an alcoholic beverage to a minor, the only question before us is whether the court below could modify the penalty imposed by the Board on this licensee.

In *Noonday Club of Delaware County, Inc., Liquor License Case,* 433 Pa. 458, 252 A. 2d 568 (1969), our Supreme Court distinctly sets forth the guideline by which we are bound. In that case, the Court said: "Pursuant to this section [47 P.S. §4-471] the lower court on appeal is required to hold hearings *de novo,* make its own findings of fact and conclusions of law and then in the exercise of *its own* discretion either sustain, reverse, or modify the action taken by the Board. The court is in no way limited either by statute or by case authority to a review of the Board's discretion, but rather makes a completely independent determination of all facets of the case in rendering its own decision. The only limitation placed upon the court is in the area of imposing penalties when no material changes are made in the findings of the Board." 433 Pa. at 467, 252 A. 2d at 573. This rule was reiterated in many cases. In *Maple Liquor License Case,* 207 Pa. Superior Ct. 237, 217 A. 2d 859 (1966), our Superior Court stated: "The law is well settled that the court below may not change or modify a penalty imposed by the Board unless it finds a different set of facts: Heights Fire Company Liquor License Case, 181 Pa. Superior Ct. 56, 121 A. 2d 902. These different

544

findings must concern issues which are material: Italian Citizens National Association of America Liquor License Case, 178 Pa. Superior Ct. 213, 115 A. 2d 881. The court below may not capriciously disregard competent evidence of violations by the licensee: Lakewood Company Liquor License Case, 198 Pa. Superior Ct. 169, 181 A. 2d 918. Nor may the court below reduce the penalty imposed by the Board because it is considered too severe. . . ." 207 Pa. at 239, 217 A. 2d at 860-861. Also *see Pace Liquor License Case*, 218 Pa. Superior Ct. 300, 280 A. 2d 642 (1971).

With these guidelines before us, we have carefully reviewed the record in this case. The court below did not reduce the suspension because it believed the length of the suspension was too severe; rather the court below modified the Board's order because of additional testimony which was presented to the court, which had not been presented to the Board, namely, that the eighteen year old girl had presented at least four false identification cards to an agent of the licensee. The record further discloses a conflict in the testimony between the various witnesses. It was for the lower court in this *de novo* hearing to resolve these conflicts and determine its findings of fact. This Court has no power to make different findings of fact from that same record unless there was a capricious disregard of the evidence, of which there was none in this case. The lower court in this case concluded that the length of the penalty imposed by the Board was excessive because of all of the facts (including the additional facts) which the court had before it.

The court below properly carried out its prescribed duty as set forth in the Liquor Code, quoted above. Although there was conflicting testimony concerning the false identification cards, one point is quite clear. None of the cards was the official identification card provid-

ed for in Section 495 of the Liquor Code, 47 P.S. §4-495. The absence of a demand for the official identification card is the basis for the correct holding of the court below; i.e., the Board's conclusion that a violation had been committed by this licensee was proper. If the court below had not received additional testimony, or if there were no conflict of testimony, then the lower court would not have been permitted to modify the penalty. *See Alston Beer Distributor Liquor License Case,* 214 Pa. Superior Ct. 32, 251 A. 2d 808 (1959). This, however, is not the case before us. Here, there was additional testimony, and there was a conflict in the testimony, and therefore, the lower court had a duty to make a finding which thereby permitted the court to modify the penalty.

Based upon the above discussions, we affirm the order of the court below.