Barone's, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Herbert Brener,* with him *Meshon and Brener,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Alexander J. Jaffurs,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, November 20, 1973:

This is an appeal filed by Barone's, Inc. (Barone) from an order of the Court of Common Pleas of Philadelphia County which in effect reversed an order of the Pennsylvania Liquor Control Board (Board), which had revoked the license of Barone, and substituted a 90-day suspension for the Board's revocation.

On January 10, 1972, the Board issued an amended citation in which it charged three specific violations. After a hearing before the Board, it issued an adjudication (dated May 25, 1972) in which it found Barone to be in violation of only one specified violation committed on two different dates. The Board's finding reads as follows: "The licensee [Barone], by its servants, agents or employes permitted persons to be solicited or enticed for the purpose of the purchase of beverages or other items for others on September 13, November 12, 1971." Based upon its findings, the Board revoked Barone's restaurant liquor license.

Barone filed an appeal with the court below, and by stipulation of counsel, the matter was heard de novo by the court based upon the record made before the Board. The court made new findings of fact in which it found and concluded that Barone was in violation of a regulation of the Board on only one of the two dates mentioned in the Board's finding, namely, November 12, 1971. In view of the court's new findings, it reduced the penalty imposed by the Board from a revocation, to a 90-day suspension. Barone has appealed to this Court, contending that (1) the findings of the court were not supported by the record, and (2) that the court abused its discretion in suspending Barone's license for 90 days.

The court below quite properly held a de novo hearing. See Section 464 of the Liquor Code, Act of April 12, 1951, P. L. 90, as amended, 47 P.S. §4-464. The Liquor Code gives specific direction to the courts of

common pleas in appeals of this nature, wherein at Section 471, 47 P.S. §4-471, it is stated: "Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court."

In *Noonday Club of Delaware County, Inc., Liquor License Case*, 433 Pa. 458, 252 A. 2d 568 (1969), our Supreme Court sets forth the guideline. In that case, the Court said: "Pursuant to this section [47 P.S. §4-471] the lower court on appeal is required to hold hearings *de novo,* make its own findings of fact and conclusions of law and then in the exercise of *its own* discretion either sustain, reverse, or modify the action taken by the Board. The court is in no way limited either by statute or by case authority to a review of the Board's discretion, but rather makes a completely independent determination of all facets of the case in rendering its own decision. The only limitation placed upon the court is in the area of imposing penalties when no material changes are made in the findings of the Board." (Emphasis in original.) 433 Pa. at 467, 252 A. 2d at 573.

Further guidelines are found in the case of *Maple Liquor License Case*, 207 Pa. Superior Ct. 237, 217 A. 2d 859 (1966) where our Superior Court stated: "The law is well settled that the court below may not change or modify a penalty imposed by the Board unless it finds a different set of facts: Heights Fire Company Liquor License Case, 181 Pa. Superior Ct. 56, 121 A. 2d 902. These different findings must concern issues which are material: Italian Citizens National Association of America Liquor License Case, 178 Pa. Superior Ct. 213, 115 A. 2d 881. The court below may not capriciously disregard competent evidence of violations by the licensee: Lakewood Company Liquor License Case, 198

Pa. Superior Ct. 169, 181 A. 2d 918. Nor may the court below reduce the penalty imposed by the Board because it is considered too severe. . . ." 207 Pa. at 239, 217 A. 2d at 860-861. *Also see Commonwealth v. M.S.G., Inc.,* 7 Pa. Commonwealth Ct. 540, 297 A. 2d 556 (1972). In *Noonday Club, supra,* our Supreme Court was very emphatic on the limitations placed upon this Court in reviewing the order of the court below. It stated: "We hold, therefore, as a matter of judicial restraint and in the interests of a more effective and efficient administration of our entire judicial system in this Commonwealth, that penalties imposed by lower courts which are within the prescribed maximum and minimum allowable penalties under the applicable statutory provisions are not subject to review on appeal except in rare and unusual circumstances involving constitutional rights. The mere fact that each individual judge both on the Superior Court [now Commonwealth Court] and this Court might have imposed a less severe penalty had he been the trial judge below, is not sufficient to permit a higher tribunal to substitute its judgment for the judgment of the lower tribunal." 433 Pa. at 464-465, 252 A. 2d at 572. Further, the court said in *Noonday Club, supra*: "While the lower court under statute as interpreted by case authority may reduce the penalty imposed by the Board when material changes in the findings of the Board are made, we find no sound, judicious reason why an appellate court should be permitted to review the penalty imposed by the lower court." 433 Pa. at 465, 252 A. 2d at 572.

With these guidelines in mind, and after a review of the entire record, we conclude that there is nothing in this case which would permit this Court to change the 90-day suspension imposed by the lower court. Barone contends, however, that the record does not support the finding of the court, that it permitted any person on its premises to entice another person to purchase

alcoholic beverages. The specific regulation which the Board has charged Barone to be in violation of reads as follows: "Regulation Section 143.01. No licensee nor servant, agent or employe thereof shall at any time *permit* any person on the licensed premises to solicit or entice any other person for the purpose of the purchase for them or any other person of any food, beverages, merchandise, service, or any other item or thing stored, possessed, served, sold, exposed for sale or dispensed on the licensed premises. . . ." (Emphasis added.) Barone argues that the word "permit" requires a finding that Barone or its bartenders had knowledge, actual or imputed, that a customer was soliciting for the purpose of purchasing alcoholic beverage under the facts of this case. Our review of the record in this case supports the court below that on November 12, 1971, a female named Michele approached (independently and at two different times) two agents of the Board, and ordered drinks, the price for which was paid to Barone's bartender by the agents. The most damaging evidence is revealed by the agent's description of Michele ordering a bottle of champagne at a price of $20, all but one glass of which she consumed, and thereafter, in full view and hearing of the bartender, ordering a second bottle, for which the agent professed an inability to pay. At this point, Michele reached into the agent's trousers pocket and found a $10 bill. The bartender then withdrew the bottle of champagne and returned with a smaller bottle for the price of $10. This evidence was certainly adequate to support the lower court's finding that Barone, through its bartender agent, servant or employe, permitted Michele to solicit the purchase of alcoholic beverages in violation of the regulation. The lower court in its opinion stated: "There is very strong evidence that the licensee and/or his employees should have known that customers were being solicited and did permit such acts for the purpose of

purchasing liquor." As indicated above, the record supports the court's finding. Barone concedes that scienter is not a prerequisite to the suspension, and our reading of the record permits us to conclude that the lower court did not abuse its discretion in its findings.

In view of the above, we affirm the order of the court below.