In Re: Appeal of Emersons of Plymouth Meeting, t/a Emersons Ltd. From Order of Pennsylvania Liquor Control Board. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 3, 1977, before Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of two.

*J. Leonard Langan*, Assistant Attorney General, with him *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellant.

No appearance or brief for appellee.

Opinion by Judge Crumlish, Jr., February 9, 1978:

The Pennsylvania Liquor Control Board (Board) has appealed the decision of the court of common pleas reducing the term of a Board-imposed suspension of the restaurant liquor license of Emersons of Plymouth Meeting (Appellee) from ten to seven days. We reverse.

The case stems from a March 19, 1975 incident involving the alleged sale of an alcoholic beverage to two fifteen-year olds in violation of Section 493(1) of the Liquor Code.[1] The Board issued a citation to Appellee and, after a hearing, found that the alleged

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-101 et seq. Section 493(1), 47 P.S. §4-493(1), states:

It shall be unlawful—

illegal sale had taken place and ordered a ten-day suspension of Appellee's restaurant liquor license. A *de novo* hearing was held before the court below, at which a Board enforcement officer, the two minors, and Appellee's general manager testified. As part of its case, Appellee produced some 37 guest checks issued on the evening that the minors allegedly were served, in an effort to demonstrate that no dinner and drink combination similar to that which the minors testified they ordered was, in fact, served during the time in question. These checks had not been introduced before the Board.

Following the testimony and counsels' closing arguments, the court rendered its decision orally, in the course of which it made the following comments:

> These young people . . . strike me as being perfectly honest and truthful and forthright, and though there were some minor discrepancies in the testimony which they presented it is to be observed that their testimony was essentially the same. . . .
>
> . . . .
>
> The difficulty in the case is not so much whether or not Emersons is a responsible business house, I think that it is, or whether or not these young people are truthful, I think that they are; the nut that's difficult to crack in this case is conceding for the moment or finding, as I have, that there was indeed a violation, whether or not the Board has abused its discretion in imposing a ten-day suspension.

---

(1) For any licensee . . . or any employe, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt brewed beverages to be sold furnished or given . . . to any minor . . . .

I believe that a sale was made on the eve-ning in question, I'm satisfied that these young people would not tell a falsehood, I think that they've been perfectly truthful here . . . *what troubles me is a ten-day suspension.*

*That strikes me as being kind of a testy penalty to impose on a licensee for the first violation.* (Emphasis added.)

In its later written opinion, the court found that the sale of an alcoholic beverage to the minors had occurred; it also found that the aforementioned guest checks indicated that no dinner similar to that allegedly ordered by the minors was served at the time in question. The court reduced the penalty, stating that it had the power to do so, since it had made additional findings on the matter of the guest checks. Essentially, the court reasoned that, while it affirmed the finding of a violation, the evidence contained in the guest checks had "seriously impeached the credibility of the minors." In this, the court erred.

It is by now well settled that the authority of the courts of common pleas to reduce penalties imposed by the Board in liquor license suspension cases is limited. The court may not alter the penalties without making *specific material changes* in the facts as found by the Board, nor may the court reduce the penalty simply because it considers it too severe. *Carver House, Inc. Liquor License Case,* 454 Pa. 38, 310 A.2d 81 (1973); *Barone's, Inc. v. Pennsylvania Liquor Control Board,* 10 Pa. Commonwealth Ct. 563, 312 A.2d 74 (1973); *Commonwealth v. M.S.G., Inc.,* 7 Pa. Commonwealth Ct. 540, 297 A.2d 556 (1972).

In the case at bar, the court's ultimate finding of fact (improperly denominated a conclusion of law) was that a sale of an alcoholic beverage to minors had occurred. It is true that, in reaching that find-

ing, the court had to consider evidence which had not been presented to the Board and had to weigh that evidence against the testimony of the minors. However, it is clear to us from the court's own statements at the time of its oral decision that it had resolved the credibility issue in favor of the minors' version of the occurrence, that in all material respects its finding was identical to that of the Board, and that it modified the penalty imposed upon Appellee purely because it considered the penalty too severe. This the lower court was without authority to do.

Accordingly, we

## ORDER

AND Now, this 9th day of February, 1978, the order of the Court of Common Pleas of Montgomery County modifying the Pennsylvania Liquor Control Board's suspension of Restaurant Liquor License No. R-12144, held by Emersons of Plymouth Meeting, Inc., by reducing said suspension from ten days to seven days is hereby reversed, and the ten-day suspension imposed by the Board is reinstated.