In the Matter of Revocation of Hotel Liquor License No. H-322, Amusement Permit No. AP-17442 and Sunday Sales Permit No. SS-3743, Issued to Raymond Earl Mooney, New National Hotel, 118 South Gilpin Street, Punxsutawney, Pennsylvania 15767. Raymond Earl Mooney, Trading as New National Hotel, Appellant.

Argued May 5, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*David L. Young,* with him *R. Edward Ferraro,* for appellant.

*James P. Deeley,* with him *J. Leonard Langan,* Assistant Attorney General, *Kenneth W. Makowski,* Acting Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE DiSALLE, June 23, 1978:

This is an appeal from an order of the Court of Common Pleas of Jefferson County, dated June 27, 1977, sustaining the order of the Pennsylvania Liquor Control Board (Board) which revoked the Hotel Liquor License issued to Raymond E. Mooney (Mooney). The lower court also vacated that part of the Board's order which forfeited the bond which Mooney had filed

with his license applications in 1974 and 1975. This part of the court's order is not in dispute.

The four findings of fact made by the lower court[1] which we have been asked to review are: (1) that the licensed establishment was maintained in an unsanitary condition; (2) that other persons were permitted to operate other businesses on the licensed premises; (3) that the licensed establishment was not a bona fide hotel in that there was no public dining room or rooms accommodating at least thirty persons at one time on the licensed premises; and, (4) that the licensed establishment was not a bona fide hotel in that there was no kitchen apart from the public dining room or rooms.

Our scope of review in liquor license revocation cases is limited to a determination of whether the court below committed an error of law or abused its discretion. *Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974).

Section 102 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-102 defines hotel as:

'Hotel' shall mean any reputable place operated by responsible persons of good reputation where the public may, for a consideration, obtain sleeping accommodations and meals and which, in a city, has at least ten, and in any other place at least six, permanent bedrooms for the use of guests, a public dining room or rooms operated by the same management accommodating at least thirty persons at one time,

---

[1] The parties stipulated that the court below consider the matter *de novo* based upon the transcript of the record made before the Board.

and a kitchen, apart from the public dining
room or rooms, in which food is regularly pre-
pared for the public.

The Board Officer who inspected the licensed prem-
ises on March 2, 1976, testified that there were only
thirteen chairs at the tables in the dining area for use
by patrons. Clearly, this does not comply with the re-
quirements that a dining room or rooms accommodate
at least thirty persons. An employe of the Depart-
ment of Environmental Resources accompanied the
Board officer in the inspection of Mooney's premises.
He testified at length concerning the unsanitary con-
ditions which existed on the premises. His testimony
was both competent and credible and was sufficient to
support the conclusion that the licensed establishment
was maintained in an extremely unsanitary condition.
We conclude, therefore, that the lower court did not
abuse its discretion in finding that these two violations
did occur.

Mooney argues that the court below committed an
error of law when it found that other businesses were
being operated on the licensed premises and that there
was no kitchen separate from the dining area. He con-
tends that Section 471 of the Liquor Code, 47 P.S. §4-
471, precludes the issuance of a citation when a Board
Officer has knowledge of the continuing existence of
conditions which violate the Liquor Code for over a
year's duration, but fails within that period to cite
the offending licensee for those violations. This was
the situation in the instant case. In light of our de-
termination that Mooney committed two violations of
the Liquor Code in maintaining inadequate dining fa-
cilities and permitting unsanitary conditions to pre-
vail, we need not decide this question. *See generally,
Silva Liquor License Case,* 219 Pa. Superior Ct. 31,
275 A.2d 871 (1971); *Lakewood Company Liquor Li-*

292

*cense Case,* 198 Pa. Superior Ct. 169, 181 A.2d 918 (1962); *Panichi's License,* 41 Pa. D. & C. 256 (1941).

Finally, Mooney claims that revocation of his liquor license is too harsh a penalty under the facts of this case. We do not agree. Mooney previously had been cited five times for violations during 1975 and 1976. This fact, when coupled with the instant violations, makes revocation of his hotel liquor license an appropriate penalty.

We affirm.

ORDER

AND Now, this 23rd day of June, 1978, the order of the Court of Common Pleas of Jefferson County, dated June 27, 1977, is hereby affirmed.