541 A.2d 45

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Josephine E. Adair, Appellee.

Submitted on briefs March 25, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, for appellant.

*Theodore H. Watts, Watts, Pepicelli, Youngs and Youngs, P.C.,* for appellee.

OPINION BY JUDGE BARRY, May 5, 1988:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Crawford County which modified a penalty imposed by the Board against Josephine Adair, the licensee.

Following a hearing, the Board notified Adair, t/d/b/ a T&R Grill, that its license was being suspended for thirty days because of violating Sections 406(a) (serving alcohol off the licensed premises) and 493(16) (Sunday sales) of the Liquor Code, Act of April 12, 1951, P.L.

90, *as amended,* 47 P.S. §4-404(a) and §4-493(16). In setting the penalty, the Board considered another violation of the Liquor Code which was subsequently dismissed upon appeal. When the present violations were appealed to the Court of Common Pleas of Crawford County, the Court considered the dismissal of the other violation and reduced the penalty to a $500.00 fine. This appeal by the Board followed.

It is well settled that a trial court may modify a penalty of the Board only where the court finds different facts from those found by the Board. *Pennsylvania Liquor Control Board v. Dobrinoff,* 80 Pa. Commonwealth Ct. 453, 471 A.2d 941 (1984). In *In Re: Boardwalk, Inc.,* 70 Pa. Commonwealth Ct. 416, 453 A.2d 378 (1982), we made clear that to permit a court to modify a penalty, the different facts had to relate *to the violations at issue.* There, as here, the court modified a penalty because of the dismissal of other offenses which had been considered by the Board in imposing its penalty. We remanded the matter to the Board for reconsideration of the penalty.

Adair attempts to distinguish *Boardwalk* by arguing that here, the Board's opinion is not part of the record. Adair thus argues that without the actual Board opinion, we cannot look to the differences in factual findings. We can see no merit to this distinction, as here the trial court made clear that its different factual finding related only to another violation considered in setting the penalty; the court, in its opinion, was clear that the violations had been established.

The Board also attempts to convince us that *Boardwalk* should not control, citing both *Pennsylvania Liquor Control Board v. MSG,* 7 Pa. Commonwealth Ct. 540, 297 A.2d 556 (1972) and *Barone's, Inc. v. Pennsylvania Liquor Control Board,* 10 Pa. Commonwealth Ct. 563, 312 A.2d 74 (1973). In the latter, the court

found that only two violations had occurred as opposed to the Board's finding of three violations. As it was these violations which were at issue, that case is obviously distinguishable. In MSG, the court made different factual findings as to how the violation occurred; again a different situation from the one here.

Order vacated.

## ORDER

Now, May 5, 1988, the order of the Court of Common Pleas of Crawford County, dated April 8, 1987, at No. 1114 A.D. 1986, is vacated and the matter is remanded to the Pennsylvania Liquor Control Board for reconsideration of the penalty imposed.

Jurisdiction relinquished.