548 A.2d 390

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* T.J.J.R., Inc., Appellee.

*Paul T. Sosnowski*, Assistant Counsel, with him, *Kenneth B. Skelly*, Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, October 12, 1988:

This appeal by the Pennsylvania Liquor Control Board (LCB) from an order of the Court of Common Pleas of Allegheny County presents an issue of first impression:

Where the LCB has proved that a licensee permitted minors to frequent the licensed premises, must the LCB also prove the absence of proper supervision of the minors in order to establish a violation by the licensee, or does the licensee have the burden of showing proper supervision as a matter of affirmative defense?

Pursuant to section 493 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493, the LCB found that T.J.J.R., Inc., the licensee, violated subsection (1) of that section by furnishing alcoholic beverage to a minor and also its subsection (14) by permitting minors to frequent the licensed premises. From the LCB's imposition of a fine of $600, the licensee appealed to the common pleas court.

After a de novo hearing before the court, at which the LCB presented evidence but the licensee did not, the trial judge filed an opinion reciting the facts and stating findings of fact as follows:

From 25 September to 11 October 1985 PLCB Enforcement Officer Thomas Manion conducted an investigation of Licensee. On 11 October 1985 Manion observed Francis B. Gusty possessing and consuming a glass of amber colored liquid (later determined to be beer). During an 'open' inspection Manion questioned Gusty and discovered that Gusty was only 19 years of age. Manion also found that Licensee did not maintain a minor I.D. card file.

On 11 October 1985 Gusty had come to Licensee's premises with friends. While there one friend ordered a draft beer for Gusty which Gusty consumed while on Licensee's premises. Gusty was never requested to produce any identification as to his age by anyone employed by Licensee.

Licensee's premises is a well-known restaurant. It specializes in the preparation and service of food—not liquor or beer. Frequently minors come there with family and/or friends to partake of the food and non-alcoholic beverages offered for sale. Gusty himself had been there several times previously. On those previous occasions he never consumed nor was he provided with any alcoholic beverage.

We find that Licensee did serve an alcoholic beverage to a minor who was on its premises. *We find that Licensee did permit minors to frequent its licensed premises,* and *except for the incident involving Gusty, these minors were not shown to have been without proper adult super-*

*vision.* Therefore we affirm the PLCB decision that Licensee provided alcoholic beverages to a minor, but we reverse the PLCB's decision as to the charge of allowing minors to frequent its licensed premises. (Emphasis added.)

Accordingly, the trial judge amended the fine from $600 to $300, thereby confirming the latter amount as being imposed for serving a minor, and eliminating the amount attributable to permitting minors to frequent the premises, on the basis that a frequenting violation under subsection (14) had not been established.

In accordance with the recent Pennsylvania Supreme Court decision of *Adair v. Pennsylvania Liquor Control Board,* 115 Pa. Commonwealth Ct. 647, 541 A.2d 45 (1988), our scope of review with respect to a trial court decision in a Liquor Code appeal is to determine whether the trial court committed an error of law or an abuse of discretion. *Adair* also held that a trial court has discretion to sustain, alter, change or modify the LCB's penalty on the basis of the court's own findings and conclusions, whether or not the trial court's findings are the same as those of the board or differ from them.

However, this case does not turn upon the trial court's discretion to modify a penalty with respect to a given offense. It involves a legal question of burden of proof, as first stated above. The trial court concurred with the LCB that the licensee violated the Code by furnishing alcoholic beverages to a minor; there is nothing in the record to negate that violation. However, the trial court found that there was no violation in terms of permitting minors to frequent the premises, clearly expressing the point that the LCB had failed to establish the absence of proper supervision as an element of the offense.

This court's conclusion is that the trial court erred as a matter of law in not ruling that proof of proper supervision of minors frequenting the premises is a matter of affirmative defense, as to which the licensee has the burden of presenting evidence. In pertinent part, section 493(14) reads as follows:

It shall be unlawful—

. . . .

(14) For any . . . licensee . . . to permit . . . minors to frequent his licensed premises . . . except minors accompanied by parents, guardians, or under proper supervision or except minors who frequent any . . . licensee whose sales of food and non-alcoholic beverages are equal to seventy percentum or more of the combined gross sales of both food and alcoholic beverages on the condition that alcoholic beverages may not be served at the table or booth at which the said minor is seated at the time (unless said minor is under proper supervision as hereinafter defined) . . . : Provided, . . . That it shall not be unlawful for any . . . licensee . . . to permit minors under proper supervision on the licensed premises . . . for the purpose of a social gathering . . . .

'Proper supervision,' as used in this clause, means the presence, on that portion of the licensed premises where a minor or minors are present, of one person twenty-five years of age or older for every fifty minors or part thereof who is directly responsible for the care and conduct of such minor or minors while on the licensed premises and in such proximity that the minor or minors are constantly within his sight or hearing. The presence of the licensee or any

employe or security officer of the licensee shall not constitute proper supervision.

The trial court expressly found "that Licensee did permit minors to frequent its licensed premises . . . ." However, the trial court negated the offense with the statement that "these minors were not shown to have been without proper adult supervision."

Under the statute, because "proper supervision" with respect to fifty or fewer minors can consist of one person twenty-five years of age or older (other than an employee of the licensee), a requirement that the LCB show the absence of supervision would mean that the LCB would have to negate a supervisory relationship between every adult twenty-five years of age or older and the minor or minors, which would involve knowledge of the ages and interpersonal relationships of all persons present, including even the physical proximity of each adult to the minor or minors. Placing such a burden on the LCB is not reasonable or feasible, when a licensee who claims to have acted lawfully, because of the presence of "proper supervision," therefore must necessarily be aware of the identity and physical location of the persons who exercised that alleged proper supervision.

A straightforward reading of the statute supports this conclusion. The Code declares that it is unlawful to permit minors to frequent the licensed premises. The "proper supervision" factor, when first mentioned, is stated as an exception to the offense and, where substantial food-serving licensees are involved, is stated as a proviso.

When a statute defines the factual basis of an offense or entitlement, and then states a further factual element as a basis for an exception, the Pennsylvania Supreme Court has treated the exceptional element as a matter for affirmative defense, placing the burden on

the defending party to show the affirmative, rather than subjecting the other party to proof of a negative proposition. *Keyes v. N.Y., Ontario & W. Ry. Co.*, 265 Pa. 105, 108 A. 406 (1919), interpreting the worker's statutory entitlement to compensation for injuries suffered on the job, held that the employer defendant has the burden of negating entitlement by proof of third party violence for reasons personal to the claimant. The Court characterized that matter as one for affirmative defense, in part because requiring the claimant to prove the negative proposition would be unreasonable.

The same principle applies here, where the LCB made out a prima facie case by satisfying the trial court that the licensee had been permitting minors to frequent the premises. If those minors were accompanied by proper supervision (and the trial court found that minor Gusty was not so accompanied), then the licensee had the burden of identifying the proper supervision which allegedly validated the minors' presence on those occasions. The licensee's failure to meet that burden confirmed the violation.

The trial court's order is reversed for error of law.

## ORDER

NOW, October 12, 1988, the order of the Court of Common Pleas of Allegheny County, at Docket No. S. A. 161 of 1987, dated June 2, 1987, is reversed, and the order of the Pennsylvania Liquor Control Board is reinstated.

This decision was reached prior to the resignation of Judge MACPHAIL.