630 A.2d 537

**In re Establishment of an Independent School District Consisting of Brady Township, Clarion County, Pennsylvania.**

**Appeal of EAST BRADY INDEPENDENT SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1993.

Decided Aug. 10, 1993.

George H. Hancher and Thomas W. King, III, for appellant.

Ray H. Scott, for appellee.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

East Brady Independent School District (East Brady) appeals from an order of the Court of Common Pleas of Clarion County approving Brady Township's petition to remove itself from East Brady's Independent School District and establish another independent school district for the sole purpose of transferring to the Union School District.

This controversy arises out of the granting of two separate petitions filed in different courts of common pleas to transfer the territory encompassing Brady Township, Clarion County, to two different school districts. The first petition was filed in April of 1991 in the Armstrong County Court of Common Pleas (Armstrong petition) by the taxable inhabitants of four municipalities—Bradys Bend Township and Sugar Creek Township in Armstrong County and Brady Township and East Brady Borough in Clarion County, all part of the Armstrong School District. The petition was filed pursuant to Section 242.1 of the Public School Code of 1949 (School Code), 24 P.S. § 2-242.1,[1] and was signed by 51 of the 58 taxable inhabitants of Brady Township in Clarion County. The residents requested that its area of residence be severed from the Armstrong School District and be assigned as part of the Karns City Area School District (Karns), which was a contiguous school district situated in Butler County and Perry Township in Armstrong County, because of the curriculum and geographic proximity.[2] To facilitate this transfer, the residents requested an independent school district be established for the sole purpose of transfer to Karns.

After lengthy hearings, on May 11, 1992, the Armstrong County Court of Common Pleas granted the petition and by

1. Act of March 10, 1949, P.L. 30, *as amended*, added by Section 1 of the Act of June 23, 1965, P.L. 139.

2. The residents also stated that Karns had a relatively new physical plant, had a better overall management primarily because its school board was elected on an at-large basis as opposed to districts, and students from its attendance area would be easily assimilated into a school of comparable size and social-economic composition where civic, religious, social, recreational and vocational opportunities already overlapped.

decree created the East Brady Independent School District. The decree also provided for the allocation of taxes between the Karns and Armstrong School Districts, required the purchase of an elementary school building by Karns from Armstrong, allocated state subsidies between the two districts and appointed a Board of Directors for East Brady to act until the State Board of Education made a final decision on the transfer. No appeal was filed from the trial court's decision.

On May 28, 1992, a second petition was filed by the taxable inhabitants of Brady Township, this time in the Court of Common Pleas in Clarion County (Clarion petition), also requesting the establishment of East Brady as an independent school district but for the sole purpose of transfer to the Union School District. The petition was signed by 34 of the 58 taxable inhabitants of Brady Township, most of whom had previously signed the Armstrong petition. The petition stated that Brady Township had recently been made part of the East Brady Independent School District which was attempting to merge with Karns, but that the residents of that township wanted another independent school district established for the purpose of transferring to the Union School District which had school buildings closer to Brady Township. The petition alleged that the high school students were currently being bussed 26 miles to school and elementary students 15 miles to school, and that busing extended the school day and greatly hampered the students' participation in extra-curricular activities, recreational time, family time, and study time, and created a safety concern when weather was bad.

Karns intervened, alleging it would be directly affected by the proceedings because it had expended sums of money to accommodate the students reassigned to its district who had formerly attended the Armstrong County School District. It then filed a motion to quash the Clarion petition. It contended, *inter alia,* that:

· the petitioners were estopped from attempting to create another independent school district because there was no provision in the School Code for the creation of an indepen-

dent school district within an independent school district; and

· the petitioners were estopped from attempting to withdraw from the East Brady Independent School District because there was no withdrawal provision in the School Code.

Karns also filed a supplemental motion to quash for the added reason that 11 of the original petitioners who signed the Clarion petition had signed affidavits withdrawing their signatures to that petition, thus resulting in less than a majority of the taxable inhabitants signing the petition.[3] Both motions were delayed until after the hearing was held.

At the hearing, East Brady supported Karns' motions and further argued that the 26 names of individuals appearing on both petitions caused the Clarion petition to be invalid. It explained that by validating the names on the Clarion petition, the trial court was essentially permitting the withdrawal of those individuals from the Armstrong petition which sought a different outcome. As such, it would be an inconsistent result to allow the same individuals to sign both petitions. Additionally, Section 242.1 of the School Code did not contemplate such an outcome.

Finding that the petition was executed by a majority of the taxable inhabitants of Brady Township, the trial court granted the Clarion petition and again established East Brady Independent School District, but this time for transfer purposes only to Union School District. It did not address the fact that 11 signatories had withdrawn their names because it had requested the parties to brief that issue and they did not. However, it expressly rejected the argument that 26 of the signatures were invalid simply because the same names appeared on the Armstrong petition stating that such an inter-

3. Because there were 58 taxable inhabitants of Brady Township, 30 signatures were required to constitute a majority for purposes of filing the transfer petition. Because 34 residents signed the petition, and 11 of those individuals withdrew their signatures, Karns determined that only 23 individuals had actually signed the petition which did not constitute a majority of the taxable inhabitants.

pretation was not inherent in Section 242.1 of the School Code.[4]

East Brady and Karns then filed this appeal from the Clarion County trial court's order establishing East Brady Independent School District for transfer purposes only to the Union School District. Subsequently, in March of 1993, the State Board of Education voted to approve the transfer of the East Brady Independent School District to Karns and set the effective date of transfer as July 1, 1993.

East Brady and Karns argue that the trial court erred by granting the Clarion petition and again establishing East Brady Independent School District for purposes of transfer only to the Union School District, because the proceeding involving the creation and transfer of East Brady Independent School to Karns only created a temporary entity. Because the language found in Section 242.1 of the School Code does not allow a petition to create an independent school district from within an already existing independent school district, they contend the trial court should have denied the petition. We agree because it is inconsistent with the procedure established by Section 242.1 of the School Code to transfer territory served by one school district to another.

■ Under that provision, a majority of the taxable inhabitants of any contiguous territory belonging to any school district can file a petition in the court of common pleas of the county in which each contiguous territory is situated for the sole purpose of transfer to an adjacent school district. After the petition is filed, the trial court holds a hearing for the purpose of determining whether a majority of the taxable inhabitants of the contiguous territory have signed the petition, whether the petition sets forth the proper description of the boundaries of the territory to be included in the proposed independent district, the reasons for the requested transfer and the name of the district into which the territory is

4. East Brady and Karns have raised the issues as to whether a person could withdraw his or her signature and whether 26 of the signatures on the Clarion petition were invalid. Because of the way we resolved this case, we do not have to address those issues.

proposed to be placed.[5] The trial court must also receive approval of the merits of the petition for its creation from the Superintendent of Public Instruction before granting the petition. *See* Section 242.1(a).

After the trial court receives approval from the Superintendent, it signs a decree establishing the independent school district for transfer purposes, including a statement of a determination of the amount, if any, of indebtedness and obligations of the school district from which the independent school district is being severed.[6] Also included is a statement prorating the State subsidies payable between or among the former school district and the new school district. The trial court then notifies the State Board of Education which either accepts or rejects the creation and transfer of the independent school district. *See* Section 242.1(b). If accepted, the State Board of Education establishes an effective date for the transfer to take place. On that date, the independent school district merges with the new school district to which it has been transferred and loses its independent status. If rejected, the independent school district dissolves and continues to be part of the school district from which it attempted to be severed.

 This procedure outlines a closed process by which territory is to be transferred from one district to another. As such, an "independent" school district is only a vehicle to effect that transfer and allocate assets and liabilities from one district to another. Section 242.1 of the School Code does not allow that process to be short-circuited by allowing another

5. We note that in its consideration of a petition filed under Section 242.1 of the School Code, the trial court only has the limited role of determining whether there has been procedural compliance with the statutory provisions, and has no authority to inquire into or determine the merits of the petition requesting the transfer or the reasons assigned by petitioners. That role is exclusively within the province of the designated educational authorities. *In re Establishment of Independent School District Consisting of the Western Portions of Hamlin and Sergeant Townships,* 22 Pa.Commonwealth Ct. 455, 349 A.2d 480 (1975).

6. Pursuant to Section 271 of the School Code, this includes real and personal school property, funds, indebtedness and rental obligations to an approved school building authority.

petition to be filed to attempt to shift mid-stream the transfer of an independent school district to any other district other than the one for which it was established. Specifically, Section 242.1(a) of the School Code provides:

A majority of the taxable inhabitants of any contiguous territory in any *school district or school districts,* as herein established, may present their petition to the court of common pleas of the county in which each contiguous territory, or a greater part thereof, is situated, asking that the territory be established as an independent district *for the sole purposes of transfer* to an adjacent school district contiguous thereto ... Such independent districts created under the provisions of this act *shall not become an operating school district but will be created for transfer of territory only.* (Emphasis added.)

Based on the specific language of this section, an independent school district may only be created from an *operating* or existing school district for the purpose of transferring territory, not from an independent school district which is only created as a temporary entity. As such, the Clarion petition is invalid because the independent school district is not an "operating" school district from which another independent school district can be severed.[7]

Consequently, because an independent school district cannot be created from within an independent school district, the trial court erred by approving the Clarion petition and establishing East Brady Independent School District for the purpose of

---

7. We also note that Section 242.1 of the School Code did not envision allowing the filing of a petition requesting withdrawal from an independent school district because an independent school district conducts no classes and has no assets or liabilities other than those by law which it is required to transfer to the merging school district. Additionally, the State Board of Education has no means of evaluating the merits of such a petition from an educational standpoint because the independent school district is not an operating one. Further, Section 242.1 provides that a petition for the creation of an independent school district can only be set in motion when the individuals signing the petition belong to an operating school district. In this case, the individuals now belonging to the East Brady Independent School District who signed both the Clarion and Armstrong petitions failed to meet that requirement, thereby invalidating the Clarion petition.

transfer only to the Union School District. Àccordingly, the order of the Clarion County trial court is vacated.

## ORDER

AND NOW, this 10th day of August, 1993, the order of the Court of Common Pleas of Clarion County, dated December 29, 1992, No. 922–1992, is vacated.