In re ESTABLISHMENT OF INDE-
PENDENT SCHOOL DISTRICT
CONSISTING OF the BOROUGH OF
WHEATLAND, Mercer County, Penn-
sylvania.

**Appeal of Borough of Wheatland.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 2004.
Decided Feb. 27, 2004.
As Amended on Grant of Reargument
May 4, 2004.

Joann M. Jofrey, Sharon, for appellant.

James Nevant, Hermitage, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

Residents and taxpayers (collectively Petitioners) of the Borough of Wheatland (Borough) appeal an order of the Court of Common Pleas of Mercer County (trial court) dismissing their petition to establish an independent school district pursuant to Section 242.1(a) of the Public School Code of 1949 (Public School Code).[1]

---

1. Act of March 10, 1949, P.L. 30, *added by* Act of June 23, 1965, P.L. 139, *as amended,* 24 P.S. § 2–242.1. In pertinent part, Section 242.1(a) provides as follows:

(a) A majority of the taxable inhabitants of any contiguous territory in any school district or school districts, as herein established, may present their petition to the court of common pleas of the county in which each contiguous territory, or a greater part thereof, is situated, asking that the territory be established as an independent district for the sole purpose of transfer to an adjacent school district contiguous thereto. Where the territory described in any such petition is to be taken from two or more school districts, such petition shall be signed by a majority of all the taxable inhabitants of the part of each school district which is to be included in such independent district for transfer. Such petitions shall set forth a proper description of the boundaries of the territory to be included in such proposed independent district, and the reasons of the petitioners for requesting such transfer to another school district and the name of the district into which its territory is proposed to be placed.

The court shall hold hearing thereon, of which hearing the school district or dis-

tricts out of whose territory such proposed independent district is to be taken and the school district into which the territory is proposed to be assigned, shall each have ten days notice. In all cases where an independent district is proposed for transfer from one school district to another, the merits of the petition for its creation, from an educational standpoint, shall be passed upon by the Superintendent of Public Instruction and the petition shall not be granted by the court unless approved by him. The court of common pleas shall secure the reaction from the Superintendent of Public Instruction upon receipt of the petition properly filed.

The court, in its decree establishing such independent district for transfer purposes, shall also determine the amount, if any, of the indebtedness and obligations of the school district, from whose territory such independent district is taken, that said district shall assume and pay, and, a statement prorating the State subsidies payable between or among the losing district or districts and the receiving district.

In all cases where such proceedings result in the creation and transfer, by decree of the court, of an independent district, the cost and office fees shall be paid by the

■ Under Section 242.1(a) of the Public School Code, a majority of "taxable inhabitants" of any contiguous territory belonging to any school district can file a petition in the court of common pleas of the county in which each contiguous territory sits for the sole purpose of transfer to an adjacent school district. After the petition is filed, the trial court notifies the district out of whose territory the proposed independent school district is to be taken and the district into which the territory is proposed to be assigned and holds a hearing on the petition. At the hearing, the trial court determines: (1) whether a majority of the taxable inhabitants of the contiguous territory have signed the petition; (2) whether the petition sets forth the proper description of the boundaries of the territory to be included in the proposed independent district; (3) whether the petition sets forth the reasons for the requested transfer; and (4) whether the petition sets forth the name of the district into which the territory is proposed to be placed.[2] The trial court must also receive approval of the merits of the petition for its creation from the Superintendent of Public Instruction before granting the petition. See Section 242.1(a), 24 P.S. § 2–242.1(a).

After the trial court receives approval from the Superintendent, it signs a decree establishing the independent school district for transfer purposes. The decree includes a statement of a determination of the amount, if any, of indebtedness and obligations of the school district from which the independent school district is being severed.[3] Also included is a statement prorating the state subsidies payable between or among the former school district and the new school district. The trial court then notifies the State Board of Education, which either accepts or rejects the creation and transfer of the independent school district. See Section 242.1(b), 24 P.S. § 2–242.1(b). If accepted, the State Board of Education establishes an effective date for the transfer to take place. On that date, the independent school district merges with the new school district to which it has been transferred and loses its independent status. If rejected, the independent school district dissolves and continues to be part of the school district from which it attempted to be severed.

This case involves the petition stage of establishing an independent school district for purposes of transferring to another school district under Section 242.1(a) of the Public School Code. The Farrell Area School District (FASD) is a public school district comprised of the Borough and the City of Farrell. On December 13, 2002, Petitioners[4] filed a petition with the Prothonotary of Mercer County (Petition) con-

---

petitioners or, otherwise, by the receiving district. Such independent districts created under the provisions of this act shall not become an operating school district but will be created for transfer of territory only. 24 P.S. § 2–242.1(a).

2. Under Section 242.1 of the Public School Code, the trial court has the limited role of determining whether there has been procedural compliance with the statutory provisions; it has no authority to inquire into or determine the merits of the petition requesting the transfer, and it does not inquire into the reasons assigned by the petitioners. That role is exclusively within the province of the designated educational authorities. *In re Establishment of Independent School District Consisting of the Western Portions of Hamlin and Sergeant Townships*, 22 Pa.Cmwlth. 455, 349 A.2d 480 (1975).

3. Pursuant to Section 271 of the Public School Code, 24 P.S. § 2–271, this statement of indebtedness and obligations includes real and personal school property, funds, indebtedness and rental obligations to an approved school building authority.

4. The 2000 Census population of the Borough was 748 people.

taining 244 signatures seeking to establish an independent school district to transfer the Borough from FASD to Middlesex Area School District. FASD responded and challenged the sufficiency of the Petition.

At a pre-hearing status conference, the trial court directed that hearings be held for the purpose of "proving the status of the signatories of the Petition as being taxable inhabitants of the Borough of Wheatland and to verify their desire for relief requested in the Petition." The trial court permitted testimony by deposition for those individuals "unable to attend these court proceedings by reason of health or employment" and declared that upon completion of testimony in the case, the court would then determine if there was an adequate number of "taxable inhabitants" to support the Petition as required by Section 242.1(a).

█ At the hearings, 51 people testified either in person or by stipulation that they were taxable inhabitants of the Borough and desired that the Petition be granted. Twenty individuals similarly testified by deposition. The trial court dismissed the Petition to create an independent district,[5] finding that all 71 individuals who testified were taxable inhabitants, but that regardless of the number of taxable inhabitants used by the parties,[6] Petitioners failed to establish that a majority (51%) of the taxable inhabitants of the proposed district were in favor of the Petition. The trial court also allocated costs to the Petitioners. This appeal followed.[7]

█ Petitioners argue that the trial court erred by placing the burden on them to prove the legitimacy of each and every signature on the Petition rather than giving those signatures presumptive validity. In support of its argument, the Borough urges this Court to adopt similar procedures as set forth in Section 8 of the First Class City Home Rule Act[8] and Section 977 of the Election Code,[9] both of which

5. Although the Petition had been pending for over two months at the end of the hearings, the trial court offered Petitioners additional time to present further evidence to establish the requisite 51% of taxable inhabitants to support the Petition. Petitioners, however, advised the trial court that they could not reasonably assure the trial court that could be done if more time were granted to them. In addition, the trial court stated that because no order was final until 30 days had passed, if, during that time, Petitioners believed they could establish the requisite 51% in favor of the proposed district, it would vacate the order and schedule further hearings. No request was made.

6. Petitioners claimed that there were 463 taxable inhabitants of which 232 would be a majority. The school district asserted that Petitioners needed 51% of 677 taxable inhabitants.

7. Our review consists of whether the trial court committed an error of law or abused its discretion. *In re East Brady Independent*

*School District*, 157 Pa.Cmwlth. 540, 630 A.2d 537 (1993).

8. Act of April 21, P.L. 665, *as amended*, 53 P.S. § 13108. That section provides in pertinent part as follows:

Any petition presented to the city council of the city under or pursuant to the provisions of subsection (a) of section two or of section six of this act, and if filed as hereinbefore provided, shall be deemed to be valid unless, within seven days after the filing of such petition, a petition is presented to the court of common pleas of the proper county by not less than one hundred registered electors of the city, specifically setting forth the objections thereto and praying that the said petition be set aside.
53 P.S. § 13108.

9. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2937. It provides in part as follows:

All nomination petitions and papers received and filed within the periods limited

place the burden on challengers to disprove the presumptive validity of signatures on petitions.

 Section 242.1(a) of the Public School Code creates a shifting burden. It initially places the burden on petitioners seeking to establish an independent district to "present" their petition to the trial court, with signatures of 51% of the taxable inhabitants, setting forth the description of the boundaries of the proposed independent district, the reasons for requesting the transfer, and the name of the new district where the territory will be placed. Because Section 242.1(a) of the Public School Code only requires that petitioners "present" the petition, once "presented," a rebuttable presumption is created that the signatures on the petition are valid and that they represent 51% of the taxable inhabitants. At the required hearing held by the trial court under Section 242.1(a), the burden then shifts to the challenging parties, if any, to prove that the petition is insufficient under Section 242.1(a). This could be established by, *inter alia*, (1) proof that the petition lacks the pleading requirements set forth in Section 242.1(a); (2) proof that the signatures on the petition are invalid; (3) proof that signatories on the petition are not taxable inhabitants of the area in question;[10] or (4) proof that there is a lack of a majority of taxable inhabitants on the petition.

 Regarding the validity of signatures, if the word "present" as used in Section 242.1 of the Public School Code was interpreted to mean that each petitioner was required to testify that he or she signed the petition, then petitioners in a larger territory of, say, 6,000 taxable inhabitants, would be required to haul 3,000 people into court to testify that they signed the petition and endorsed the establishment of an independent school district, making this an unwieldy proceeding and rendering this provision unworkable. The suggested interpretation of the word "present" imposes more on the meaning of that word than it can support. Because the word "present" means just that, all petitioners have to do under Section 242.1(a) of the Public School Code is to do what it says—"present"—and then the burden shifts to the opposing party to challenge its validity.

Accordingly, for the above reasons, the order of the trial court is vacated and the matter remanded for further proceedings consistent with this opinion.[11]

by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside.
25 P.S. § 2937.

10. The term "taxable inhabitant" is not defined anywhere in the Public School Code. Over 100 years ago, in a case involving the annexation of a municipality, our Supreme Court explained the term as follows:

Who is a 'taxable inhabitant'? Clearly, a taxable inhabitant is one who is, or who may lawfully be, taxed,—one who possesses all the qualifications necessary to authorize the proper taxing authorities to assess him

with a tax. The assessors' list is the best and readiest evidence of this liability to be taxed, just as the registry list is the best and readiest evidence of the right of a citizen to vote. But neither the assessment roll nor the registry list is conclusive upon the subject to which it relates. A taxable inhabitant or a voter may be overlooked by the enrolling officer. In that event the fact of the right to vote, or of the liability to be taxed, may be shown by other evidence. *In re Annexation of Chester Township*, 174 Pa. 177, 34 A. 457 (1896).

11. The Borough also argues that the trial court erred by allocating costs to the Petitioners under Section 2–242.1(a) of the Public School Code because, as that section provides, costs can only be allocated to petition-

## ORDER

AND NOW, this *27th* day of *February*, 2004, the order of the Court of Common Pleas of Mercer County, No.2002–3646, dated February 25, 2003, is vacated and the matter remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

### DISSENTING OPINION BY Senior Judge JIULIANTE.

I respectfully dissent. Unlike the majority, I would not conclude that the presentation of the petition for an independent school district satisfies Petitioners' burden under Section 242.1(a) of the Public School Code of 1949 (School Code) [1] and shifts the burden to the Borough.

The Farrell Area School District (FASD) is a public school district pursuant to the School Code and encompasses the City of Farrell and the Borough. By way of answer to Petitioner's Petition, the FASD stated that it was without sufficient information to determine whether the adult individuals who signed the petitions were a majority of the taxable inhabitants of the Borough.

The trial court held a pre-hearing conference on February 3, 2003, at which time the court set hearings for February 24 and 25, 2003. The purpose of the hearings was to provide Petitioners with an opportunity to demonstrate the "status of the signatories of the Petition as being taxable inhabitants of the Borough and to verify their desire for the relief requested in the Petition." (O.R. at 7) The trial court further indicated that it would also accept deposition testimony from those Petitioners who could not attend the hearings due to their employment or health.[2]

At the close of the hearings, the trial court accepted the deposition testimony of 20 Borough residents and the live testimony of 51 individuals, including those stipulated to by the parties, that they were taxable inhabitants of the Borough.[3] The trial court thereafter determined that although Petitioners had proven that 71 inhabitants of the Borough favored the proposed independent district, the number fell short of the number of required taxable inhabitants to create an independent district.

Section 242.1(a) of the School Code provides, in pertinent part, as follows:

ers if "the proceedings result in the creation and transfer … of an independent district[.]" *See* 24 P.S. § 2–242.1(a). Because we have remanded this matter back to the trial court, we need not reach this issue.

1. Act of March 10, 1949, P.L. 30, *as amended,* added by the Act of June 23, 1965, P.L. 139, 24 P.S. § 2–242.1(a).

2. On February 18, 2003, Petitioners filed a motion for special scheduling wherein they averred that "[t]he limited purpose of the testimony of the approximately 250 [Petitioners] will be to verify the validity of their signatures and their desire for the Petition to proceed" and "[Petitioners] believe that ordering all of the signors to come to Mercer for a short period of time creates an undue burden and hardship for the following rea-

sons…." (O.R.11) In their Prayer for Relief, Petitioners requested that the trial court schedule a hearing in the Borough rather than at the Mercer County Court House. Thus, at least initially, Petitioners agreed that they had the burden of proving their status as "taxable inhabitants."

3. Although the trial court accepted all the deposition testimony offered, I note that three individuals were not asked whether they were taxpaying residents of the Borough and that three other individuals did not personally sign the petitions; rather, someone else signed on their behalf. Although Counsel for Petitioners filed a praecipe to attach the signatures garnered at the deposition to the Petition, the trial court was not presented with a formal Motion to Amend the Petition.

A *majority* of the *taxable inhabitants* of any contiguous territory in any school district or school districts, as herein established, may present their petition to the court of common pleas of the county in which each contiguous territory, or a greater part thereof, is situated, asking that the territory be established as an independent district for the sole purpose of transfer to an adjacent school district contiguous thereto.... Such petitions shall set forth a proper description of the boundaries of the territory to be included in such proposed independent district, and the reasons of the petitioners for requesting such transfer to another school district and the name of the district into which its territory is proposed to be placed.

The court shall hold hearing thereon, of which hearing the school district or districts out of whose territory such proposed independent district is to be taken and the school district into which the territory is proposed to be assigned, shall each have ten days notice....

. . . .

In all cases where such proceedings result in the creation and transfer, by decree of court, of an independent district, the cost and office fees shall be paid by the petitioners or, otherwise, by the receiving district. Such independent districts created under the provisions of this act shall not become an operating school district but will be created for transfer of territory only. (Emphasis added.)

Pursuant to Section 242.1(a), Petitioners must first establish that they represent a *majority* of the Borough's taxable inhabitants upon filing of their petition for an independent school district. In their Petition, Petitioners failed to aver the actual number of taxable inhabitants residing in the Borough. Before the trial court, however, they argued that the Borough had 463 taxable inhabitants; a majority would therefore be 232 residents. Conversely, the Borough maintained that there were 677 taxable inhabitants; a majority of 677 would be 339 residents. Because the Borough challenged Petitioners' claim of the number of taxable inhabitants of the Borough, I believe that Petitioners bore the burden of proving the actual number of taxable inhabitants of the Borough in order to demonstrate that they represented a majority. Thus, assuming that all the signatures on the Petition represented taxable inhabitants of the Borough, there was no evidence showing that they represented a *majority* of the Borough's taxable inhabitants as required by Section 242.1(a).

Moreover, because Section 242.1(a) is silent as to which party bears the burden of proof when a challenge is made to the Petition, I would look to other provisions of the School Code to determine which party bears the burden of proof.

The purpose of the School Code is to provide a thorough and efficient system of education for the children of this Commonwealth. *Saucon Valley Sch. Dist. v. Robert O.*, 785 A.2d 1069 (Pa.Cmwlth.2001). In furtherance of that goal, the General Assembly amended the School Code in 1997 to include the Charter School Law,[4] which allows for the establishment and maintenance of schools that operate independently from an existing school district.

Section 1717–A of the Charter School Law, 24 P.S. § 17–1717–A provides that in order to convert an existing public school or portion thereof to a charter school, the *applicant* must show that more than 50% of the teaching staff and parents and/or guardians of pupils attending the public school have signed a petition in support of

4. Act of June 19, 1997, P.L. 225, 24 P.S. §§ 17–1701–A—17–1732–A.

the school becoming a charter school. *See generally Brackbill v. Ron Brown Charter Sch.*, 777 A.2d 131 (Pa.Cmwlth.2001), *appeal denied*, 573 Pa. 673, 574 821 A.2d 584 (2003) (where petitioners demonstrated that application for charter school was supported by teachers, the State Charter School Appeal Board's determination that said application had the requisite community support was supported by the evidence of record).

Inasmuch as both Section 242.1(a) of the School Code and the Charter School Law allow students to be removed from a school district, and thus adversely affect the taxes received by the students' home school district, it seems logical that those wishing to remove themselves from the school district bear the burden of proving their status as taxpayers.

Furthermore, as the trial court noted, it is fundamental in our system of jurisprudence that a party who maintains the existence of certain facts bears the burden of proving those facts, *Wingert v. State Employes' Ret. Bd.*, 138 Pa.Cmwlth. 43, 589 A.2d 269 (1991), and that a party defending an action is not required to prove a negative in order to prevail. *In re Property Situate Along Pine Road in Earl Tp.*, 743 A.2d 990 (Pa.Cmwlth.1999).

"When a statute defines the factual basis of an offense or entitlement, and then states a further factual element as a basis for an exception, the Pennsylvania Supreme Court has treated the exceptional element as a matter for affirmative defense, placing the burden on the defending party to show the affirmative, rather than subjecting the other party to proof of a negative proposition." *Pennsylvania Liquor Control Bd. v. T.J.J.R., Inc.*, 120 Pa. Cmwlth. 313, 548 A.2d 390, 392 (1988). In other words, where an exception is found in a statutorily defined right or offense, it is the party wishing to assert the exception that bears the burden of proving it.

The School Code provides that the court of common pleas is to secure the reaction of the Superintendent of Public Instruction, who must approve the petition before the court can grant it. Under the terms of the statute, there is no exception that can be asserted and no affirmative defense that may be raised. The only recourse left to the home school district, if it so chooses, is to challenge the averments of the petition for an independent school district. Otherwise, the court of common pleas must grant the petition if it complies with the School Code and is approved by the Superintendent of Public Instruction. Thus, the parties filing the petition for an independent school district should bear the burden of showing that they are taxable inhabitants of the school district as required by Section 242.1(a) of the School Code. *T.J.J.R., Inc.*

Based on the foregoing, I would affirm the trial court's order.