2017 PA Super 90

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| KAREEM OMAR VON EVANS | : | |
| Appellant | : | No. 383 EDA 2016 |

Appeal from the Judgment of Sentence November 20, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007695-2014

BEFORE: STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY STEVENS, P.J.E.:     **FILED APRIL 06, 2017**

I would find Appellant's conduct must go unpenalized only because the trial court made a specific finding of fact that he did not intend to intimidate the victim with his offer of pecuniary benefit. Notwithstanding the court's identification of both a brutal underlying crime endured by the victim and the unavoidable intimidation she would have experienced from Appellant's menacing offer had it reached her, the court did not infer from such evidence that it was Appellant's conscious object to intimidate the victim through the offer. Indeed, the court credited Appellant's word that he did not mean to intimidate the victim, and it, instead, supported its verdict exclusively on the intimidating effect the offer would have had. But for the

---

[*] Former Justice specially assigned to the Superior Court.

court's finding of fact in this regard, I would affirm the judgment of sentence.

Because Appellant's offer of pecuniary benefit never reached the victim, the Commonwealth could make a case for Section 4952 Intimidation of a Witness only upon proof that Appellant *attempted* to intimidate her. "A person commits an attempt when, *with intent to commit a specific crime*, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a) (emphasis added). "A person acts intentionally with respect to a material element of an offense when[,] if the element involves the nature of his conduct or a result thereof, *it is his conscious object to engage in conduct of that nature* or to cause such a result." 18 Pa.C.S. § 302(b)(1) (emphasis added). For example, on a charge of Attempted Aggravated Assault, evidence must prove that, when a defendant fired his gun, it was his intention or "conscious object" to inflict serious bodily injury. *See Commonwealth v. Hall*, 630 A.2d 537, 541 (Pa. 2003). Here, therefore, the Commonwealth bore the burden of proving it was Appellant's conscious object to commit the material element of intimidation.

In the non-jury trial, however, the trial court accepted Appellant at his word that he intended only to "pay off" the victim, not to intimidate her: "So I've considered the facts of the case, the nature of the case, and the reasons that one would commit such a crime. And you just told me why you did this and I've accepted what you just told me." N.T. 11/20/15 at 27.

- 2 -

Similarly, while the court later expressed in its Pa.R.A.P. 1925(a) opinion that the victim would have necessarily felt intimidated by Appellant's offer had she received it, it nevertheless stopped short of inferring from the nature of the offer and the related consequences that Appellant intended to intimidate. In fact, it identified an absence of intent: "*Appellant may not have considered his conduct as intimidating*, but he should not receive a benefit for *his lack of appreciation for basic human sensitivities and what would be [his victim's] natural reaction to his conduct.*" Trial Court Opinion, 5/13/16 at 9 (emphasis added).

Essentially, in the trial court's own words, it based Appellant's conviction not on requisite proof that it was Appellant's conscious object to intimidate the victim—indeed, the court specifically found Appellant did not mean to intimidate—but, instead, on proof that the victim would have felt intimidated under the circumstances. Having explicitly found an intent to intimidate lacking, the court could not appropriately rely solely on this latter basis—the effect upon the victim—to establish the *mens rea* element of an attempt to intimidate. It is for this reason, alone, that I believe we are constrained to vacate judgment of sentence.

Had the finder of fact not credited Appellant's avowals that he acted without intent, I would have deemed the totality of circumstances sufficient to support a reasonable inference that Appellant attempted to engage in intimidating behavior.

"[A pecuniary] inducement may or may not intimidate," and whether it "contains sufficient indicia of intimidation is to be determined by the fact finder and assessed under the totality of circumstances, cognizant that proof of manifest threats is not required." ***Commonwealth v. Doughty***, 126 A.3d 951, 957 (Pa. 2015) (noting "a mere look or posture can . . . intimidate beyond question."). It is axiomatic, moreover, that we consider the evidence in this regard in the light most favorable to the Commonwealth as verdict winner. ***Id***. at 958.

A totality of circumstances assessment of the present facts involves viewing Appellant's attempted offer not in isolation but within an historical context. The first time Appellant met the victim, he and his cohort subjected her to a horrific multiple rape-at-shotgun-point. So considered, Appellant's attempt afterward to reach the victim through an intermediary and convey his desire that she keep quiet in exchange for money carried with it an inherent element of menace and coercion deriving from the profoundly violative and merciless nature of their initial meeting.

***Doughty*** includes within the bounds of 18 Pa.C.S. § 4952 intimidation those ostensible offers of benefit that implicitly intimidate under the circumstances. ***Id***. at 957. Here, the only history between Appellant and his victim involved extreme violence and utter disregard for her humanity. In light of this history, Appellant's attempt to contact her a second time may reasonably be viewed as bearing sufficient indicia of an intimidating message that this was an offer the victim "should not refuse." ***Id***. For this reason, I

- 4 -

conclude that the totality of circumstances allowed for the reasonable inference that it was, indeed, Appellant's conscious object—his intent—to engage in conduct of an intimidating nature.

Accordingly, I would find the Commonwealth met its burden of proof and would affirm on that basis, had not the trial court made the specific finding of fact that Appellant did not intend to intimidate.